UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILMICK CHARLES,

      Petitioner,

    v.                                          Case No.:  2:26-cv-01286-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court is Wilmick Charles's Petition for a Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Charles is a Haitian national who first entered the United States on May 12, 1998.  He was placed in removal proceedings, and an immigration judge ordered him removed on September 2, 1999.  The removal order became final on May 14, 2002, when the Board of Immigration Appeals affirmed it.  Charles was not removed, and the government continued to grant his requests for employment authorization.

In 2010, Charles received temporary protected status ("TPS").  He then applied for advance parole, which would allow him to re-enter the country after international travel.  Charles returned to the United States on May 4, 2011, and was paroled into the country.  He filed repeated applications to re-register

for TPS, and the government approved them, extending his TPS through August 3, 2024.

In 2024 and 2025, Charles pled guilty to two misdemeanors—driving under the influence and driving without a valid license. On February 10, 2026, the Palm Beach County Sheriff's Office arrested him for aggravated assault and aggravated battery, detained him at the Palm Beach County Jail, and notified Immigration and Customs Enforcement ("ICE"). Charles was transferred to ICE custody on February 13, 2026. He argues his detention is unlawful because he has TPS. *See* 8 U.S.C. § 1254a(d)(4) ("An alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States.").

In response, the government demonstrates that on February 23, 2026, U.S. Citizenship and Immigration Services withdrew Charles' TPS and denied his most recent application to re-register because of the two misdemeanor convictions and certain misrepresentations relating to them. Thus, Charles no longer has TPS and cannot succeed on his habeas claims, which rely entirely on protection from detention as a TPS recipient.

Accordingly, it is hereby

**ORDERED:**

1.  Wilmick Charles's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.  The Clerk is **directed** terminate any pending motions and deadlines as moot, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1